UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOROTHY CLISBY, | : | Case No. 1:12-cr-00115-2 |
| | : | (1:16-cv-1048) |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Dorothy Clisby's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 212). The United States has filed a Response in Opposition. (Doc. 214).

Petitioner plead guilty to one count of Conspiracy to Possess with Intent to Distribute Heroin in Excess of One Kilogram. On July 28, 2014, this Court sentenced Petitioner to 100 months of imprisonment and 15 years of supervised release. (Doc. 151). Petitioner filed an appeal, but later voluntarily withdrew the appeal. (Docs. 177, 184). The appeal was dismissed on August 27, 2014. (Id.)

On November 3, 2016, Petitioner filed her Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Petitioner asserts one ground for relief in her Motion: she is entitled to a sentence reduction under Amendment 794 to Sentencing Guideline § 3B1.2 for having a minor role in the offense.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3)

an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

On November 1, 2015 -- over a year after Petitioner was sentenced -- Amendment 794 took effect. Amendment 794 clarified the circumstances in which U.S.S.G § 3B1.2 may be applied to reduce a defendant's offense level if the defendant played only a minimal or minor role in the offense.[1] Because Amendment 794 is a clarifying amendment, it has been held to apply retroactively to cases on direct appeal.

---

[1] Amendment 794 added the following language to Application Note 3(C) to U.S.S.G. § 3B1.2:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C) (2015).

*United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016) (citing *United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016)). However, "[w]here, as here, a defendant did not challenge [her] sentence on direct appeal, a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a 'complete miscarriage of justice.'" *Diaz v. United States*, No. 16-6834, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017) (quoting *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)). While Petitioner did object to certain calculations in the PSR – including an adjustment for the role she played in the offense – counsel for Petitioner withdrew the objection regarding the role in the offense during the sentencing hearing. (Doc. 136, PAGEID #541; Doc. 203, PAGEID # 917-18). The failure to press the issue when given the opportunity to do so impairs Petitioner's argument that justice requires retroactive application of the amendment. *Accord United States v. Lee*, No. CR 6:13-045-DCR, 2016 WL 6699139, at *2 (E.D. Ky. Nov. 14, 2016). Therefore, Petitioner is not entitled to § 2255 relief.

In addition, the Sixth Circuit has explained that Amendment 794 is not among those the Sentencing Commission has designated for retroactive effect on collateral review. *Diaz v. United States*, No. 16-6834, 2017 WL 6569901, at *2 (6th Cir. June 23, 2017) (citing U.S.S.G. § 1B1.10(d)). Therefore, Petitioner would not be eligible for relief even if her motion was construed as a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See id.*

Pursuant to 28 U.S.C. § 2255(b), the Court determines that the instant motion and the files and records of this case, in conjunction with review of the files and record, conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law

with respect thereto.  *Accord Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003).  The claims raised are conclusively contradicted by the record and the law of the Sixth Circuit and the United States Supreme Court.  Accordingly, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 212) is hereby **DENIED**.

Further, the Court will not issue a certificate of appealability.  The Court concludes that the claim raised by Petitioner in her motion, which has been decided on the merits, is not debatable among reasonable jurists, could be resolved differently on appeal or is adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In addition, Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                MICHAEL R. BARRETT, Judge
                                United States District Court